**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LI SONG et al., | No. 08-72474 |
| Petitioner, | Agency Nos. A096-052-348 |
| v. | A078-113-180 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

Li Song and her husband Zhiwei Han, both natives of China, petition for

review of an order of the Board of Immigration Appeals (BIA) dismissing Li

Song's appeal from an immigration judge's (IJ) denial of her application for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

asylum and withholding of removal. Li Song claims Zhiwei Han as a derivative beneficiary of her application. The IJ denied Song's claims after concluding, among other things, that she was not credible. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA reviewed the IJ's decision for clear error, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion. In so doing, we review . . . the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

We review adverse credibility determinations under the substantial evidence standard, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and for applications for asylum filed on or after May 11, 2005, we apply the REAL ID Act's standards governing adverse credibility determinations. In REAL ID Act cases, immigration judges may consider "all relevant factors" and may consider inaccuracies or falsehoods regardless of whether they "go[] to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (specifying the standard for credibility determinations for asylum claims) and 8 U.S.C. § 1231(b)(3)(C) (adopting the same for withholding of removal). Nevertheless, immigration judges must still "provide specific and cogent reasons in support of an adverse credibility

2

determination" and consider the "totality of the circumstances." *Shrestha v. Holder*, 590 F.3d 1034, 1044-1045 (9th Cir. 2010).

We find that the IJ provided specific, cogent reasons in support of his adverse credibility determination and that his conclusion that Song's testimony lacked credibility was supported by substantial evidence. Song's application for asylum, which was her second, claimed that she was subjected to a coerced abortion in her native country. Yet, as the IJ described in his oral decision, among other problems with her testimony, Song failed to consistently recall when she was pregnant and underwent the abortion; gave inconsistent answers about whether she consulted a doctor prior to her alleged abortion; gave inconsistent answers about who assisted her in completing her asylum application; and contradicted a statement made in connection with her first asylum application regarding where she was allegedly arrested for her Christian beliefs. Under the broad permissible standards of the REAL ID Act, and given the totality of the circumstances in this case, it was not improper for the BIA and IJ to rely on these inconsistencies to find Song not credible.

In the absence of credible testimony, Song's asylum and withholding of removal claims fail. *Id.* at 1048.

The petition for review is **DENIED**.

*Song v. Holder*, No. 08-72474

BERZON, Circuit Judge, dissenting:

I respectfully dissent.  Song initially applied for asylum and withholding of removal in August 2002.  I would treat Song's July 2005 application as a supplement to her initial application. *Compare In re Compean*, 24 I. & N. Dec. 710, 715–16 (Att'y Gen. 2009) (describing the procedural history in *In re J-E-C-*), *vacated on other grounds*, 25 I. & N. Dec. 1 (Att'y Gen. 2009).

The Real ID Act's framework for assessing credibility does not apply to an application, such as Song's, submitted in 2002.  *See, e.g.*, *Yan Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011).  Applying pre-Real ID Act standards, I would hold that there was no inconsistency in Song's testimony that went to the "heart of" her asylum and withholding claims and that would support the agency's adverse credibility determination.  *See Singh v. Ashcroft*, 301 F.3d 1109, 1111–12 (9th Cir. 2002).  I would therefore grant Song's petition.